UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
PEDRO SOTO,

      Plaintiff,

 - against -

DR. LESTER WRIGHT et al.,

      Defendants.
------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 28, 2012

11 Civ. 2289 (PAC) (JLC)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

 On March 31, 2011, pro se plaintiff Pedro Soto ("Soto") filed this 42 U.S.C. § 1983 action against Dr. Lester Wright ("Dr. Wright"), retired Deputy Commissioner and Chief Medical Director of the New York State Department of Correctional Services, Elizabeth Hamawy, R.N. ("Nurse Hamawy"),[1] and Suzette Camper, R.N. ("Nurse Camper") (collectively, the "Defendants"). Soto claims that his constitutional rights were violated: (1) on September 14, 2009, when Defendants were deliberately indifferent to Soto's medical needs; (2) in January 2010, when Nurse Hamawy denied Soto's request for a medical pass in retaliation for a grievance he filed against her as a result of the September 14, 2009 incident; (3) in or around June 2010, when Dr. Wright failed to personally respond to a letter Soto wrote him; and (4) when Defendants failed to ensure that Soto would see a cardiologist four times in 2010.

 On April 13, 2011, this Court referred the matter to Magistrate Judge James L. Cott for general pretrial matters and dispositive motions. On July 14, 2011, the Defendants moved to dismiss the complaint in part, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that: (1) Soto failed to allege that Dr. Wright was personally involved in any constitutional violation; (2) Dr.

---

[1] While Soto refers to Nurse Hamawy as "Nurse Hemingway" in his Complaint, both he and counsel for Defendants refer to her as Nurse Hamawy in their motion papers.

1

Wright is entitled to qualified immunity; and (3) Soto failed to allege that Nurses Hamawy and Camper were personally involved in his claim regarding the 2010 cardiologist visit. On the same day, Nurses Hamawy and Camper filed an answer to Soto's complaint, which addresses Soto's deliberate indifference and retaliation claims.

On January 26, 2012, Magistrate Judge Cott issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion in its entirety, and, therefore, dismiss all claims against Dr. Wright. Soto has not filed objections to the R&R.

For the reasons that follow, the Court adopts Magistrate Judge Cott's R&R in its entirety and GRANTS Defendants' motion to dismiss.

## BACKGROUND

I.  Facts[2]

  A. The September 14, 2009 Claim

On September 14, 2009, Soto went to "sick call," located in the Sing Sing gym, because he was experiencing "pressure in his chest." He saw Nurse Hamawy and complained to her about his condition. Nurse Hamawy told him that he would have to wait to see the doctor 'like everybody else." Soto explained to Nurse Hamawy that, unlike the other patients, he had a pacemaker and had a heart problem. Nurse Hamawy continued to put Soto off, and he left the area without incident.

Later that day, Soto went to an "emergency sick call" where he saw Nurse Camper, and again explained his condition. Nurse Camper failed to assist him, providing him only with medication for gas and refusing to arrange for him to see a doctor.

---

[2] The facts are taken from the R&R and the complaint. The Court recites only those facts pertinent to this motion.

2

Three days later, on September 17, 2009, Soto saw a doctor, who prescribed him high blood pressure medication. On September 24, 2009, Soto saw a heart specialist, who reported that Soto had a minor heart attack on September 13, 2009.

### B. The Cardiologist Referral Claim

On June 11, 2010, Soto filed a grievance concerning the fact that his cardiologist had stated that his pacemaker should be reviewed at least four times per year and the last time he had seen a cardiologist was on January 5, 2010. Soto was thereafter told that he would be evaluated by a cardiologist in the near future.

### C. Soto's Claim Against Dr. Wright

On June 12, 2010, Soto sent a letter to Dr. Wright, requesting that he "intervene in the problem he was having at Sing Sing." On August 6, 2010, Ernest Martone, the Regional Health Services Administrator, responded to Soto's letter, noting that Dr. Wright has asked Mr. Martone to respond. Soto claims that Mr. Martone's response, which he received two months after he sent his letter, was inadequate because he failed to inform Soto when he would see a cardiologist.

## II. Magistrate Judge Cott's Report and Recommendation

### A. Dr. Wright's Personal Involvement

Magistrate Judge Cott recommended that the Court dismiss Soto's claims against Dr. Wright because Soto failed to allege that Dr. Wright was personally involved in any constitutional violation.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Shomo v. City of New York, 579 F.3d 176, 184 (2d Cir. 2009). A supervisory official may be involved in actions that cause the deprivation of constitutional rights in five ways:

3

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendants created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).[3]

Soto's sole allegation against Dr. Wright was that he received a single letter from Soto, and asked Mr. Martone to respond. Magistrate Judge Cott determined that this allegation was insufficient to state a claim against Dr. Wright under any of the five factors above. (R&R 7-8 (citing cases).) Notably, the Second Circuit, in Goris v. Breslin, 402 F. App'x 582, 584 (2d Cir. 2010), recently affirmed the dismissal of a similar case against Dr. Wright, where Dr. Wright's personal involvement "was limited to the receipt of two letters from [plaintiff], which he promptly referred to other individuals for investigation and response."

### B.  Qualified Immunity

Magistrate Judge Cott determined that even if Soto had alleged Dr. Wright's personal involvement, Soto's claims against Dr. Wright would still fail because Dr. Wright is entitled to qualified immunity. Based on this alternative ground, Magistrate Judge Cott again recommended that the Court dismiss Soto's claims against Dr. Wright. (R&R 8-9.)

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

---

[3] As Magistrate Judge Cott noted, while several courts have considered the impact of Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) on the Colon factors, the Court need undertake such an analysis here because Soto fails to meet any of the five factors.

Magistrate Judge Cott determined that Dr. Wright is entitled to qualified immunity "because no clearly established law prohibited his referral of Soto's letter to his subordinate for a response," and he was "entitled to rely on the medical treatment prescribed to Soto by the doctors at Sing Sing." (R&R 9 (citing Graham v. Wright, No. 01 Civ. 9613 (NRB), 2003 WL 22126764, at *1 (S.D.N.Y. Sept. 12, 2003) ("It is well established that supervisory officials are 'generally entitled to delegate medical responsibility to facility medical staffs and are entitled to rely on the opinion of medical staff concerning the proper course of treatment.") (citation omitted)).)

### C. Personal Involvement of Nurses Hamawy and Camper

Finally, Magistrate Judge Cott recommended that the Court dismiss Soto's claims against Nurses Hamawy and Camper regarding the 2010 cardiologist visit. (R&R 10.) Magistrate Judge Cott construed Soto to be alleging a claim of medical indifference to his medical needs for failing to arrange a cardiologist appointment between January 2010 and July 2010. (Id.) Soto, however, does not allege that either Nurse Hamawy or Nurse Camper was personally involved in this alleged constitutional violation. Accordingly, Magistrate Judge Cott recommended that the Court dismiss this claim.

In sum, Magistrate Judge Cott recommended that Soto's complaint be dismissed in its entirety against Dr. Wright, and in part against Nurses Hamawy and Camper.

## DISCUSSION

### I. The Report and Recommendation

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the contested issues de novo. Greene v. WCI Holdings Corp., 956 F. Supp 509, 513 (S.D.N.Y.

1997). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016, 2011 WL 497776 at *1 (S.D.N.Y. Feb. 10, 2011). Soto has not filed timely objections to the R&R.

The Court has reviewed the R&R for clear error and finds none. Accordingly, the Court adopts Magistrate Judge Cott's R&R in its entirety.

## CONCLUSION

The Clerk of Court is directed to terminate this motion (Dkt. No. 13), and terminate Defendant Dr. Lester Wright from this action. This Court's reference to Magistrate Judge Cott for general pre-trial matters and dispositive motions remains in effect. Pursuant to 28 U.S.C § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
February 28, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:

Magistrate Judge James L. Cott, Chambers 1360

Pedro Soto
DIN# 93-A-5674
Sing SIng Correctional Facility
354 Hunter Street
Ossining, NY 10562

Maria Barous Hartofilis
Attorney General of the State of New York
120 Broadway
New York, NY 10271