UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ x
PEDRO SOTO,                                  :
                                             :
                    Plaintiff,               :
                                             :
    - against -                              :
                                             :
DR. LESTER WRIGHT et al.,                    :
                                             :
                    Defendants.              :
------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 28, 2013

11 Civ. 2289 (PAC) (JLC)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 31, 2011, pro se plaintiff Pedro Soto ("Soto"), an inmate at Sing Sing Correctional

Facility ("Sing Sing"), filed this action alleging violations of his constitutional rights under 42 U.S.C. §

1983 against Dr. Lester Wright ("Dr. Wright"), Elizabeth Hamawy, R.N. ("Nurse Hamawy"), and

Suzette Camper, R.N. ("Nurse Camper"). The Court previously dismissed all claims against Dr.

White. Soto v. Wright, No. 11 Civ. 2289, 2012 WL 639166 (S.D.N.Y. Feb. 28, 2012). On August 3,

2012, Nurses Hamawy and Camper moved for summary judgment. On February 1, 2013, Magistrate

Judge James L. Cott issued a Report and Recommendation (the "R&R") that their motion be granted,

and objections were timely filed by Soto on February 15, 2013. For the reasons that follow, the Court

adopts Magistrate Judge Cott's R&R in its entirety and grants Defendants' motion for summary

judgment.

## BACKGROUND[1]

On August 14, 2009,[2] Soto sought medical treatment related to a heart condition for which he

has a pacemaker. Soto complained to Nurse Hamawy of pains near the area of his chest in which his

---

[1] All facts are taken from the R&R unless otherwise indicated.
[2] Soto has been inconsistent regarding the date of the events in question. Based on a review of the record, Judge
Cott proceeded on the assumption that the events in question occurred on August 14, 2009 (R&R at 2-3.) Having no
reason to doubt Judge Cott's conclusion, the Court does the same.

pacemaker was located and informed her of his heart condition. Nurse Hamawy told Soto he would have to wait for an appointment with a doctor and that he should go to the emergency room for immediate treatment. When Soto went to Sing Sing's emergency sick call unit, Nurse Camper expressed disinterest in his heart condition and gave him medication for chest pressure. Judge Cott construed Soto's complaint as alleging that Nurses Hamawy and Camper were deliberately indifferent to his medical needs by failing to properly evaluate and treat his condition. Soto's cardiologist examined his pacemaker on September 24, 2009, and the evaluation suggested that Soto had experienced a minor heart attack on August 14, 2009.

On October 20, 2009, Soto filed a grievance asserting that he did not receive proper treatment, which was denied on December 17, 2009, and the appeal of which was denied on March 17, 2010. In retaliation, Nurse Hamaway refused to renew Soto's medical pass on January 15, 2010. Soto filed a second grievance against Nurse Hamaway on January 26, 2010, and received a renewed medical pass on January 27, 2010.

## DISCUSSION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection is made to the magistrate's recommendations, the Court is required to review the contested portions *de novo*. Id.; Pizaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections . . . the Court will review the [R&R] strictly for clear error. . . . Objections to [an R&R] must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

2

First, Soto objects to Judge Cott's description of the instant case, in which he wrote that Soto "brings this action, alleging claims of deliberate indifference and retaliation, following final decisions by the authorities at Sing Sing that are responsible for inmate grievances: The Inmate Grievance Review Committee." (R&R at 2.) Soto interprets this to mean that Judge Cott believed that the instant litigation was brought to seek retribution for his mistreatment and therefore clarifies that "[t]he instant case does not involve the plaintiff seeking his own form of retaliation against those who he claims have injured him via negligence and[/]or indifference to his medical needs." (Objections at ¶ 3.) The Court does not read the R&R to state otherwise. The R&R does not suggest that Judge Cott attributed any improper motive to Soto or that his analysis was colored by any such perception. This does not constitute an error in the R&R.

Second, Soto objects to Judge Cott's conclusion that "no rational jury could find that [Nurses] Camper and Hamawy were deliberately indifferent to a serious risk to Soto's health." (R&R at 12.) Specifically, Soto writes that "Judge Cott assume[d] . . . that a jury would see [his treatment] to be adequate medical care" and that "[t]o assume that no reasonable juror would find for the plaintiff is at best an assumption on the part of Judge Cott. This is not to say that Judge Cott is right or wrong in his opinion, but it does show that Judge Cott is assuming facts that are not in the record." (Objections at ¶ 4.) In other words, Soto appears to take issue with Judge Cott having made a determination about what a reasonable jury could or could not find, regardless of its merits. He does not challenge the legal or factual bases of Judge Cott's conclusion, but rather the very fact that a conclusion was reached.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has explained, material facts are those "that might affect the outcome of the suit under the governing law," while disputes are genuine "if the evidence is such that a reasonable jury could return

3

a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In adjudicating a motion for summary judgment, the court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. Accordingly, Judge Cott properly performed his role in resolving "the threshold inquiry of . . . whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. In the instant case, Judge Cott concluded that there were not.

Because Soto did not object to the merits of Judge Cott's decision (Objections at ¶ 3 ("This is not to say that Judge Cott is right or wrong in his opinion, . . . .")), his analysis may be adopted "so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). The Court has reviewed the R&R for clear error and finds none. Accordingly, the Court adopts Magistrate Judge Cott's R&R.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Cott's R&R in its entirety. The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. U.S., 369 U.S. 438 (1962).

Dated:   New York, New York
         February 乃 , 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Pedro Soto
DIN# 93-A-5674
Sing SIng Correctional Facility
354 Hunter Street
Ossining, NY 10562